UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| DAVID BROWN, | : | |
|     Petitioner | : | |
| | : | |
|     v. | : | CIV. NO. 3:12CV965(EBB) |
| | : | CRIM. NO. 3:02CR341(EBB) |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

RULING ON PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255

Pending before the Court is petitioner David Brown's ("Brown") motion [doc. # 13] pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence.

In September 2005, a jury convicted Brown of one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 371, and of six counts of wire fraud, in violation of 18 U.S.C. §§ 2(a), 2(b) and 1343.  Specifically, the jury found that Brown and other employees of an automobile dealership in Branford, Connecticut, conspired to commit and engaged in a financing fraud scheme to increase their sales by, inter alia, withholding important financing information from purchasers and submitting altered loan applications to a financing company, resulting in significant losses to the buyers and the underwriter.

On December 3, 2009, the Court sentenced Brown to thirty-six months imprisonment, concurrently, on each of the seven counts of conviction, followed by three years of supervised release.  The length of the sentence imposed was based, in part, on the length of time Brown was found to be a member of the conspiracy and the Court's finding that the conspiracy resulted in an

overall loss of $2.1 million.  United States v. David Brown, 3:02cr341(EBB), doc. # 853 ("After consultation with the government and defense counsel, a consensus has been reached establishing loss at $2.1 million for the purposes of sentencing.  The liability of each individual defendant will be determined based on the period he was a member of the conspiracy.").  The Court attributed sixty-six percent or $1.4 million of the overall loss amount to Brown.  The Second Circuit affirmed Brown's conviction and sentence on appeal.  United States v. Shoreline Motors, 413 F. App'x 322 (2d Cir. 2011).

Brown timely filed the instant § 2255 motion in February 2012, seeking to vacate, correct or set aside his sentence on four grounds -- all of which relate either to the Court's calculation of loss or the number of victims connected to Brown's fraud.  Brown does not contest his conviction.

Brown completed serving his sentence in December 2012,[1] and was released to the custody of U.S. Immigration and Customs Enforcement ("ICE") for possible deportation to the United Kingdom, which is his country of citizenship, as a result of his conviction.  Brown's three-year term of supervised release began concomitant with his release into ICE's custody.

For the reasons that follow, Brown's instant motion is DENIED as moot.

## DISCUSSION

Even though Brown has served his sentence, the Court possesses jurisdiction to consider the instant habeas motion because Brown filed the motion while he was incarcerated and is currently on supervised release.  See, e.g., Scanio v. United States, 37 F.3d 858, 860 (2d Cir. 1994) (stating that the jurisdictional "in custody" requirement of § 2255 is satisfied where a

---

[1] Brown self-surrendered on or about August 15, 2010.  United States v. David Brown, 3:02cr341(EBB), doc. # 1009 (granting in part Brown's fifth motion for extension of self-surrender date).  His early release date was due, at least in part, to credit for good behavior while he was in prison.

petitioner is, inter alia, in physical custody on sentence of a federal court or under supervised release with respect to the same).

However, the Court must not "conflate[ ] the 'in custody' jurisdictional requirement [under § 2255] with the issue of mootness . . . that is, whether [Brown's] petition[,] [viewed in light of current facts,] presents a justiciable case or controversy within the meaning of Article III of the Constitution." Chattley v. Benson, 05cv6742(VEB), 2007 WL 4377686, at *2 & n.2 (W.D.N.Y. Dec. 12, 2007) (citations omitted).  Brown's habeas petition, which seeks a correction of sentence but does not contest the underlying conviction, is moot since the length of his sentence is no longer a "live" issue as Brown has served the sentence of imprisonment the Court imposed.  See id.  And although Brown is currently on supervised release, which, as noted, has been held sufficient to satisfy the "in custody" jurisdictional requirement, it does not create a "case or controversy" for justiciability purposes because the term of supervised release the Court imposed was not a function of the length of Brown's sentence, but of his underlying conviction. See U.S. Sentencing Guidelines § 5D1.2(1) (specifying a term of supervised release of at least three years for a defendant convicted of a Class A or B felony), § 7B1.1(a)(2) (designating as a Class B violation conduct constituting, inter alia, a federal offense punishable by a term of imprisonment exceeding one year) (2001)[2]; 18 U.S.C. § 1343 (2009) (making wire fraud punishable by, inter alia, a term of imprisonment of up to 30 years).  Finally, despite the collateral consequences Brown faces as a result of his conviction, i.e., deportation pursuant to 8

---

[2] The Court utilized the November 1, 2001 sentencing guidelines manual due to ex-post facto considerations, i.e., the manual in effect on the last day of relevant criminal conduct (July 2002) was used, rather than the manual in effect on the date of sentencing (December 2009), because application of the former was more favorable to the defendant.  Accord Peugh v. United States, 133 S. Ct. 2072, 2088 (2013) (recognizing that "retrospective application of a higher Guidelines range violates the Ex Post Facto Clause").

U.S.C.A. § 1227(a)(2)(A)(iii) (West 2008) (providing that "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable") and 8 U.S.C.A. 1101(a)(43)(M)(i) (West 2013) (defining an "aggravated felony" for purposes of the Immigration and Nationality Act as "an offense that . . . involves fraud or deceit in which the loss to the victim or victims exceeds $10,000"[3]), Brown's § 2255 motion nevertheless remains moot because the grounds for deporting him are based on his being a convicted felon, not on the length of his sentence (which, as already noted, is the sole object of his instant habeas petition).

## CONCLUSION

For the foregoing reasons, Brown's § 2255 motion [doc. # 13] for habeas relief seeking to vacate, set aside or correct sentence is DENIED.

SO ORDERED.

/s/
Ellen Bree Burns
Senior United States District Judge

Dated this 19th day of December, 2013, at New Haven, Connecticut.

---

[3] Even though Brown contests the Court's calculation of loss for sentencing purposes, the loss calculation method Brown proposes still results in a figure well-above the $10,000 threshold. See Doc. # 13 at 10.  The Court, however, does not have occasion to consider nor intimates any view on whether the loss amount calculated for sentencing purposes (versus, for example, the restitution amount) controls in applying the deportation statute.